## Hall v. Golden Mile Ice Center Inc.

*Monica M. Lovre,* for plaintiffs.
*Paul J. Derenzo,* for defendant.

WETTICK, *J.*, January 18, 1991—Plaintiff wife was injured in an accident at an ice skating rink. In this lawsuit, she seeks damages from the owner of the rink.

In preparation for trial, plaintiffs' counsel interviewed two witnesses to the accident—plaintiff's daughter and the daughter's girlfriend. After the witnesses left her office, counsel dictated a summary of the witnesses' accounts of the accident which has been reduced to writing.

Defendant has requested plaintiffs to produce counsel's written summary of the witnesses' accounts of the accident through a request for the production of documents. Plaintiffs have objected on the ground that counsel's written summary is work product protected by Pa.R.C.P. 4003.3. Defendant's motion to compel discovery of this written summary is the subject of this opinion and order of court.

Rules of court and case law governing the attorney-client privilege, governing the production of witnesses' statements, and governing the protection of attorney work product frequently overlap. However, this is not true in the present case. The information which defendant seeks is clearly not protected by the attorney-client privilege because this privilege does not extend to information which counsel obtained from third parties. See *MacQuown v. Dean Witter Reynolds Inc.,* 47 D.&C. 3d 21

(1987), and cases cited therein. Also, the rule of civil procedure permitting discovery of a statement of a witness (Pa.R.C.P.. 4003.4) does not extend to another person's written summary of a witness's oral statement—this rule applies only to a written statement signed or otherwise adopted by the person making it or a substantially verbatim recital of the oral statement. See *Briem v. Coppola,* 132 Pitts. Leg. J. 390 (1984). Consequently, the sole issue in this case is whether the protections that Pennsylvania's rules of civil procedure governing discovery provide to the work product of an attorney extend to the written summary that defendant seeks to discover.

The discovery of trial preparation material is governed by Rule 4003.3. The first sentence of this rule creates a general principle that discovery may include matters prepared in anticipation of litigation by any representative of a party, including a party's attorney. The second and third sentences of this rule create limitations which constitute the scope of the protection of work product in Pennsylvania. Rule 4003.3 reads in its entirety as follows:

"Rule 4003.3 *Scope of Discovery. Trial Preparation Material Generally*

"Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery

shall not include disclosure of his mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics."

Plaintiffs rely on the limitation contained in the second sentence of Rule 4003.3. Discovery shall not include disclosure of the "memoranda, notes or summaries" of a party's attorney. Plaintiffs also call this court's attention to the last paragraph of the Explanatory Note-1978 to Rule 4003.3 which specifically discusses an attorney's summary of an interview with a witness. "Under the Rule [4003.3], a lawyers' notes or memoranda of an oral interview of a witness, who signs no written statement, are protected but the same notes or memoranda made by an insurance investigator will not be protected."

Defendant contends that the limitation cannot extend to counsel's written summary of factual information gained from witnesses because this will defeat the essential goals of discovery of avoiding surprise and putting both parties on an equal footing. We might agree with defendant if we were protecting from discovery the information that counsel obtained from the witnesses. But we do not construe the second sentence of Rule 4003.3 in such a broad fashion. This provision protects only the written product of the interview (i.e., the written summary). It does not prevent the opposing party from obtaining the same information that counsel obtained through other methods of discovery.

Through interrogatories addressed to plaintiffs, defendant can learn the names and addresses of the witnesses whom counsel interviewed and thus discover their accounts of the accident by taking their depositions. Consequently, defendant will be in the same position as plaintiffs vis-a-vis these witnesses unless these witnesses alter their accounts.

We recognize that defendant may be concerned that the descriptions of the accident given at the deposition will differ from the descriptions given to plaintiffs' counsel. Defendant may suggest a "worst case scenario" in which plaintiffs' counsel would unexpectedly take the stand at trial following the testimony of these witnesses for the purpose of introducing a prior inconsistent oral statement as substantive evidence. *Commonwealth v. Brady,* 510 Pa. 123, 507 A.2d 66 (1986).

Through discovery, however, defendant can prevent this from occurring. For example, following the deposition of these witnesses, defendant may serve interrogatories on plaintiffs requesting them to set forth information which their counsel obtained from these witnesses that differs in any material manner from testimony presented during the deposition. Or, through a request for admission, defendant may ask plaintiffs to admit that they did not obtain any prior inconsistent oral statements from these witnesses. If plaintiffs' discovery responses indicate that their counsel may be a witness for purposes of introducing any prior inconsistent statements, it may be appropriate at that time to take counsel's deposition.

None of this discovery that may be available to defendant would ordinarily entitle defendant to review counsel's written summaries of the witnesses' accounts. While counsel would be permitted to testify to prior inconsistent oral statements obtained from these witnesses, established case law holds that a written summary of the words of a witness prepared by a third person and which the witness has not approved may not be introduced as evidence of that witness's statement. *Commonwealth v. Bailey,* 322 Pa. Super. 249, 469 A.2d 604 (1983); *In re*

*Pittsburgh Action Against Rape,* 494 Pa. 15, 428 A.2d 126, 132 (1981).

Under this construction of Rule 4003.3, we are protecting counsel's language but not the information that counsel obtained. This construction is consistent with the rule's distinction between written summaries of interviews of witnesses prepared by a party's counsel (which are not discoverable) and such interviews prepared by another representative of a party (which are discoverable). This construction is also consistent with the varying goals of Rule 4003.3. The manner in which counsel summarizes an interview is likely to reveal counsel's mental impressions. Consequently, the written summary is not discoverable because Rule 4003.3 seeks to fully protect any mental impressions of counsel contained in counsel's files. At the same time, Rule 4003.3 is intended to permit any party to discover any information that another party has obtained in anticipation of litigation. For this reason, the information that counsel has obtained from the witnesses is subject to discovery. This is the only construction of Rule 4003.3 which gives meaning to the specific language of the rule and furthers both potentially conflicting purposes of the rule—the sharing of information gained in anticipation of litigation and the protection of counsel's files.

## ORDER

On this January 18, 1991, it is hereby ordered that defendant's motion to compel discovery is denied.